Lyons, Judge,
delivered the resolution of the court as follows:
The court thinks, that there was an issue substantially joined between the parties; and that the first point, made by the appellant’s counsel, is settled by the case of Brewer v. Tarpley, 1 Wash. 363. For as to the leave to amend the avowry, it was probably waved, as there was no motion for a continuance, and the parties seem, voluntarily, to have gone to trial.
The court is also of opinion, that the objection, made by the same counsel, to the county court’s having received the award in evidence, is not sustainable. For, although the date of the award was posterior to the time of the distress, yet the items, upon which it was founded, were anterior; and the award only ascertained the amount of the balance in favour of the appellee: It was, therefore, a fair discount against the rent; and, consequently, proper evidence for a plaintiff in replevin, to repel the avowant’s demand for rent, upon the trial of the cause. For no exception was taken to the validity of it, nor suggestion made, that it was, in any respect, unjust: which proves, that there was no other objection to the introduction of it to the jury, than what is stated in the record : and, that, the court thinks insufficient, for the reasons already given. Nor was there any occasion to plead the award, as the appellee knew it existed; and as he must have foreseen, that it would be offered as a discount, he ought to have been prepared to contest it, if he had any thing to alledge.
The refusal of the appellant’s offsets was not error. For the act of assembly confines the right, of offering discounts, to the defendant in a suit, and does not extend to the plaintiff *588 in general cases, Old Virginia laws, 249; which, in effect, excludes the avowant’s claim to discount: For the plaintiff, in cases of replevin, is in fact the defendant, as he is put upon the same footing with the defendant in other actions, and may plead “ as many matters as he may think necessary for his defence,” Old Virginia laws, 172, 299; which gives him a right to offer his discounts, and excludes those of the avowant, who is turned into a plaintiff, Bacon’s Replevin, A.; but not embraced in the statute of discounts, without notice. And it was, upon these distinctions, that I said just now, that the appellee’s claims were proper evidence, to repel the avow-ant’s demand, upon the present occasion. But the argument of the appellant’s counsel goes to reverse the rule; and to allow the avowant, (who, as to the main subject in controversy, was, in fact, plaintiff,) to defeat his adversary; and, by an unexpected discount offered without notice, to obtain judgment for double rent. Chan. Rev. 6. Which will scarcely be thought a fit case, for bringing the interpretation within the equity of the statute of discounts, as was contended for by that counsel; especially, when such an enormous distress was made; for it appears by the declaration, that seven slaves and twelve head of cattle were seized for eighty-five pounds current money only, although there were subsisting accounts between them, upon other subjects, then under arbitration, and which finally resulted in a balance in favour of the tenant.
Such a proceeding does not call for an equitable construction of the statute of discounts in favour of landlords; who have already advantages enough over the tenant, without arming them with greater. For the landlord is his own judge, and executes his own judgment; which ought therefore to be precisely right; and not liable to controversy and deduction, with an impotent adversary, in a perilous suit.
To prevent the tenant, in the present case, from exposing himself to the danger of double rent, the appellant ought to have given him notice of the bond, and of all his other claims, so that the tenant might have acted understandingly, and avoided the risk, by paying the rent, or such part of it. *589 if any, as was actually due. But this was not done; and therefore the court did right in rejecting the evidence. Otherwise, a landlord may, by concealing his claims, surprize the tenant, and obtain judgment for double rent, although the latter may, all the while, suppose he is acting fairly.
But the evil does not stop there j for the principles, contended for by the avowant’s counsel, would not only enable a landlord to recover his offsets by process of distress, but would expose the tenant to still greater hardships; for the offsets, by destroying the discounts, will leave him liable to judgment for the whole rent, to be doubled. But no man ought to be put to such hazard; especially as some may not be able to give security, and obtain redress in equity.
I mention these things to shew to what inconveniences the argument of the avowant’s counsel would lead; and, although there is no proof that any thing, of that kind, was meditated on the present occasion, yet, in laying down a rule of practice, the court ought to take care, that no opportunity, for abuse, should be afforded.
But, independent of what has been said, the offsets were properly rejected, upon the other grounds mentioned by the appellee’s counsel; for neither the assignment of the bond, nor Washington's receipt, was proved ; without which the avowant could have no pretence to introduce them.
It is not easy to conceive, why the offsets were not claimed before the arbitrators, as they might have been allowed there, if they could have been established; which might, possibly, have led to some adjustment, between the parties, upon equitable principles; but as that was not done, no relief can be granted here.
Upon the whole, the court thinks the judgment right; and that it ought to be affirmed.
Judgment affirmed.
*590 N. B. Mr. Washington's account of this case is very short, and affords little information; but the above report, extracted from Mr. Marshall's notes, shews it to' have been a very important decision, particularly as to the statutes of discount and replevin.
It is remarkable, that although the county court, in fact, gave no judgment upon the verdict, the district court affirmed it, with the ten per cent, damages; and that the court of appeals did the same thing. Which probably arose from oversight, as it does not appear to have been mentioned by the counsel, on either side.